Matter of the Adoption of Frank L. Carpenter, a Minor Child, Etc.

(County Court, Erie County, November, 1911.)

Adoption of children — Mode and sufficiency of adoption — Amendments.

A foster parent must be a resident of the county in which the county judge who makes an order of adoption resides and holds office.

For the purpose of preventing an attempt to nullify an order of adoption by subsequently altering a jurisdictional recital in the papers upon which it was granted the court will order them to be so amended as to restore them to their original condition.

County Court, Erie County, November, 1911. [Vol. 74.

MOTION to amend *nunc pro tunc* adoption papers.

Hamilton Ward (Carlton H. White, of counsel), for motion.

J. R. & F. H. Collins, opposed.

TAYLOR, J. In the year 1884, Mary Hogan and Margaret Carpenter appeared before Hon. William W. Hammond, county judge of Erie county, N. Y., and executed consents and an agreement before Judge Hammond for the adoption of Frank L. Carpenter, an infant under twelve years of age, by said Mary Hogan.

Chapter 830 of the Laws of 1873 was then in effect relative to the adoption of children in this State. In this, as in the present statute, the foster parent had to be a resident of the county in which the county judge making the order of adoption resided and held office.

In the portion of the articles of agreement containing the recital as to the place of residence of the foster parent, Mary Hogan, the word " Buffalo " was written in part of a blank space contained in the printed form, this word " Buffalo " being evidently in the same handwriting as some of the other words in the body of the consent and agreement. An ink line is drawn through the word " Buffalo " and after it in the same blank space is written the word " Syracuse " in a different handwriting, and, whether because later written, or written with blacker ink, it presents a less faded-out appearance than the word " Buffalo."

Margaret Carpenter, the real mother of said infant, makes application here to have these papers amended *nunc pro tunc* by striking out the word " Syracuse " and reinstating the word " Buffalo," in order that this order of adoption may stand.

Many affidavits have been presented, pro and con, most of them bearing upon the question as to where Mary Hogan actually resided. Affidavits are presented, executed by Judge Hammond and by James D. Roberts, who was at that time a practicing attorney in this city, and who wrote out an

affidavit attached to the papers in his own handwriting. The substance of Judge Hammond's affidavit is that he has no recollection as to the particulars, but assumes he would not have granted the order unless the proper jurisdictional facts appeared. Mr. Roberts in his affidavit takes the position that he will not deny that the said word " Syracuse " is in his handwriting, but does say that, in his best judgment, that word is not in his handwriting.

I appreciate the rule that, in general, jurisdictional defects cannot be supplied *nunc pro tunc*. This rule, perhaps, would apply here, if the word " Syracuse " were the only word found in this blank, that is to say, if the word " Buffalo " did not appear with the line drawn through it. However, under the inherent control which the court has over its own orders, decrees and judgments, I take it to be within this court's power to prevent what I take to be an attempt to nullify an order of this court by altering a jurisdictional recital in the papers upon which this order was granted, and after it was granted. Were this not so, the decrees of the courts would be altogether too much at the mercy of persons of sufficient daring to alter them, or the papers upon which they were granted.

I accuse no person of wrong-doing in this matter; but, in view of all the facts that I have stated, I must assume that County Judge Hammond, having such matters as this often before him and being a careful and competent judge, made this order of adoption only after reaching a conclusion, upon proper papers, that the foster parent resided in the county of Erie.

Therefore, the moving party may enter an order granting the motion. What the full purpose of the moving party here may be I do not know, nor should any possible ultimate effect on property rights resulting from granting the order asked for be considered. My conclusion that — either with good or bad motive — sufficient moving papers herein have, because of alteration, become insufficient furnishes good warrant for my decision.

Motion granted.